**CENTRAL TEXAS ELECTRIC CO-OPERATIVE, Inc., Appellant,**

v.

**Arthur STEHLING, Appellee.**

No. 12900.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 14, 1955.

Rehearing Denied Oct. 19, 1955.

Bobbitt, Brite & Bobbitt, San Antonio, for appellant.

John Peace, Moursund, Ball, Bergstrom & Barrow, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal by Central Texas Electric Co-operative, Inc., plaintiff below, from an order of the District Court of Gillespie County, sustaining the plea of privilege of Arthur Stehling, defendant below, to be sued in Bexar County, the alleged county of his residence.

The only issue presented by this appeal is whether appellee had a residence for venue purposes in Fredericksburg, Gillespie County, Texas, on July 12, 1954, the date on which this suit was filed in the trial court.

■ It is clear that, prior to 1953, appellee had lived in Gillespie County all of

his life, with the exception of a six year period running from 1923 to 1929. Appellee testified that in the fall of 1953 he moved his residence from Gillespie County to Bexar County. At that time he began to dispose of his property in Gillespie County and bought a home for himself and family in Bexar County. He also bought a home for his married daughter in Bexar County, and she and her husband moved to Bexar County. He had owned the house in Fredericksburg in which his daughter and her husband had previously lived. Appellee and his wife moved into their newly acquired home in San Antonio, Bexar County, in December, 1953. He had his poll tax transferred to Bexar County and voted in a Bexar County election. He took a job in Bexar County and opened up a law office in Bexar County. These facts and others were sufficient to support the finding of the trial judge to the effect that appellee's domicile was in Bexar County.

However, appellant contends that even though appellee did have a domicile in Bexar County at the time the suit was filed on July 12, 1954, he at the same time had a second residence in Gillespie County for venue purposes. The trial judge found to the contrary, and if that finding is supported by sufficient evidence the judgment of the trial court should be affirmed.

■ There can be no question as to the fact that under the decisions a defendant may have a second residence away from his domicile for venue purposes. Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136. The question is, Did appellee have such a second residence in Gillespie County?

Appellant contends that the evidence shows as a matter of law that appellee did have such a second residence in Fredericksburg, Gillespie County.

The evidence here would indicate that in the fall of 1953, after certain unfavorable publications were made concerning appellee, he did most everything that he could have done to indicate that he was moving away from Gillespie County and establishing his home in Bexar County,

unless the following facts established as a matter of law that he retained a second residence in Gillespie County which was sufficient for venue purposes:

On July 12, 1954, when the present suit was filed in the trial court, appellee had contracted to sell his own home in Fredericksburg, where he had lived for many years, but the sale had not yet been consummated by the delivery of a deed. The same was true as to the residence owned by appellee and formerly occupied by his married daughter. He owned an office building in Fredericksburg, Gillespie County, but had optioned it to the bank. He maintained a law office in this building, with a rather complete working law library, and when he spent the night in Fredericksburg he slept in a room in this same building, equipped with a bed, a dresser and a chest of drawers. After moving to San Antonio appellee spent considerable time in Fredericksburg, but as he closed up his affairs there he spent less and less time in Fredericksburg and more and more, in San Antonio. Appellee owned a radio broadcasting station in Fredericksburg but had agreed to sell it. He was president of a bank in Fredericksburg and was re-elected in January, 1954, and again in January, 1955. Appellee testified that he was no longer active in the bank. Appellee also owned an abstract plant in Fredericksburg but likewise had agreed to sell it.

In view of all the circumstances, we cannot say that as a matter of law appellee had a second residence in Fredericksburg for venue purposes.

■ This cause was tried before the court without a jury and in the absence of any finding of fact the evidence must be viewed by us in a light most favorable to appellee, and in determining the sufficiency of the evidence to support the implied findings of the trial court, we must discard all adverse evidence and give credit to all evidence that is favorable to appellee, and when this is done we conclude that the evidence is sufficient to sustain the judgment rendered herein.

The judgment is affirmed.