**E. J. BURKE, Sr., Appellant,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Appellee.**

No. 13749.

Court of Civil Appeals of Texas.

San Antonio.

May 10, 1961.

Oliver & Oliver, San Antonio, Elmore H. Borchers, Laredo, for appellant.

Lang, Byrd, Cross, Ladon & Oppenheimer, San Antonio, for appellee.

MURRAY, Chief Justice.

This is a plea of privilege case. Appellee, Merrill Lynch, Pierce, Fenner & Smith, Inc., filed suit on an open account in the District Court of Bexar County against appellant, E. J. Burke, Sr., who filed his plea of privilege to be sued in Webb County, the alleged county of his residence. Appellee controverted the plea of privilege, contending that appellant was a resident of Bexar County. After hearing the evidence, the trial court held that appellant was a resident of Bexar County and overruled the plea of privilege, from which judgment E. J. Burke, Sr., has prosecuted this appeal.

Appellant's first contention is that there is no evidence to support the judgment overruling his plea of privilege.

There is evidence tending to show that while appellant may have his domicile in Webb County, he also has a residence in Bexar County for venue purposes. There can be no doubt that a person for venue purposes may have a dual residence. Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136; Central Texas Electric Co-operative v. Stehling, Tex.Civ.App., 282 S.W.2d 729.

There were no findings of fact by the trial court, and none were requested. Under such circumstances the judgment must be upheld if there is any evidence of probative force to support it on any theory of the case. Gunstream v. Oil Well Remedial Service, Tex.Civ.App., 233 S.W.2d 897; 4 McDonald, Texas Civil Practice, § 16.10.

Appellant testified that he moved to Laredo, Webb County, Texas, about a year ago and has lived there since, claiming it as his domicile. His business now is general manager of the Sands Motor Hotel in Laredo, where he has an apartment which he occupies as his home. The Sands Hotel has about 102 units. Most of his mail comes to Laredo, but some of it goes to 1100 Goliad Road, San Antonio, Texas. He owns the property at 1100 Goliad Road, but contends that is not his office, but is that of his son. His nephew, William P. Hailey, is employed by him as a lawyer, and has rendered his property for him in Bexar County. He did not tell his lawyer to claim a homestead exemption for him in the year 1960, in San Antonio, and his lawyer did so without discussing the matter with him. He is a member of the Laredo Chamber of Commerce and buys his poll tax in Webb County. He was married to his present wife in February, 1959. She lives at 402 Cave Lane, San Antonio. He does not live with her and he does not live at 402 Cave Lane. His wife has visited him two or three times in Laredo, trying to settle their differences, but this could not be done. They are living apart but there is no divorce suit pending at this time.

William P. Hailey testified that he was appellant's attorney and rendered his property for him in Bexar County and claimed a homestead exemption for him. He did not exactly have authority to do this for appellant, but he thought he had such authority up until the time this suit was filed. Hailey had been rendering appellant's property for him six years, and during these years he had been claiming a homestead exemption, and appellant had never complained to him about his doing so. He had rendered some five hundred separate pieces of property for appellant in Bexar County each year. Appellant owns a house and lot in San Antonio, where his mother and sister live, and that is the property claimed as a homestead. Hailey was asked the following question, and gave the following answer:

"Q. Now then, is it a fair appraisal of your testimony, Mr. Hailey, to say that in your opinion Mr. Burke maintained a residence in Webb County, Texas, at the Sands Motel, and also in Bexar County, Texas, where he claimed his homestead? A. As a matter of my personal knowledge, up to this morning, apparently that is right; yes. I would say he did have a residence here and a residence there when I signed this on the 30th of April.

"Mr. Ladon: Thank you very much."

There was some evidence which supported the implied finding of the trial court to the effect that appellant maintained a dual residence for venue purposes in Webb County and in Bexar County.

Appellant contends that if there was some evidence of the fact that he maintained a residence in Bexar County, then the implied finding of the trial court to this effect was so against the preponderance of the evidence that it shows a manifest injustice has been done. We do not agree. The implied finding was supported by the evidence as above set out, and was not against the preponderance of the evi-

dence. The testimony of appellant and his attorney, Hailey, was not necessarily binding on the trial court, even though in some instances it was not contradicted.

The judgment overruling appellant's plea of privilege is affirmed.