Jᴀɴᴜᴀʀʏ 15, 1979

No. 77–1688. Sʏᴍᴍ, Tᴀx Assᴇssᴏʀ-Cᴏʟʟᴇᴄᴛᴏʀ ᴏꜰ Wᴀʟʟᴇʀ Cᴏᴜɴᴛʏ, Tᴇxᴀs v. Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs ᴇᴛ ᴀʟ. Affirmed on appeal from D. C. S. D. Tex. Mʀ. Jᴜsᴛɪᴄᴇ Bʟᴀᴄᴋᴍᴜɴ would note probable jurisdiction. Mʀ. Jᴜsᴛɪᴄᴇ Pᴏᴡᴇʟʟ would dismiss appeal for want of a properly presented federal question.

Mʀ. Jᴜsᴛɪᴄᴇ RᴇʜɴQᴜɪsᴛ, with whom Tʜᴇ Cʜɪᴇꜰ Jᴜsᴛɪᴄᴇ joins, dissenting.

Today the Court summarily affirms the judgment of a three-judge District Court enjoining appellant Symm, the Tax Assessor-Collector and ex officio voting registrar of Waller County, Tex., from using a certain questionnaire designed to aid Symm in determining whether persons registering to vote in Waller County are bona fide residents. Because I believe the three-judge District Court mistakenly exercised jurisdiction over Symm, I dissent.

Waller County, a small rural county west of Houston, has a population of approximately 15,000, a slight majority of which is Negro. Prairie View A & M University is a state-supported, predominately black university located in Waller County. Appellant Symm is responsible for registering voters in the county. Persons personally known to Symm or his deputies as county residents, as well as persons who are listed on the tax rolls as owning property in Waller County, are routinely registered upon filling out the state registration form. Those who fall within neither of these categories are required to complete a residency questionnaire, which asks whether the applicant is a college student and, if so, inquires into the student's home address, property ownership, employment status, future plans, and so forth.[1]

---

[1] "The undersigned, at the request of the Registrar of Waller County, answers the following questions in support of the application of the under-

1106

On October 14, 1976, the Attorney General of the United States filed this action against Symm, Waller County, the State of Texas, and its Secretary of State and Attorney General, alleging that use of the questionnaire denied Prairie View students the right to vote in violation of 42 U. S. C. §§ 1971 (a), 1971 (c), 1973, 1973j (d), 1973bb, and the Fourteenth, Fifteenth, and Twenty-sixth Amendments. Pursuant to 42 U. S. C. § 1973bb (a)(2),[2] the United States moved to convene a three-judge District Court. The request for a three-judge court was predicated on the United States' claim for injunctive relief to remedy alleged violations of the Twenty-sixth Amendment. The motion was granted, and a

---

signed for a voter registration certificate or for appointment as a Deputy Registrary, as the case may be:

"Please print or type your name and address:......................

.............................................................

Are you a college student?....... If so, where do you attend school?....

.................. How long have you been a student at such school?

.................. Where do you live while in college?.............

................ How long have you lived in Texas?....... In Waller County?................ Do you intend to reside in Waller County indefinitely?.............. How long have you considered yourself to be a bona fide resident of Waller County?............. What do you plan to do when you finish your college education?.............. Do you have a job or position in Waller County?............. Own any home or other property in Waller County?............ Have an automobile registered in Waller County?................ Have a telephone listing in Waller County?........... Belong to a Church, Club or some Waller County Organization other than college related?............ If so, please name them: ......................................................

Where do you live when the college is not in session?..................

................ What address is listed as your home address with the college?............................... Give any other information which might be helpful."

[2] "The district courts of the United States shall have jurisdiction of proceedings instituted under [§ 1973bb], which shall be heard and determined by a court of three judges in accordance with section 2284 of title 28, and any appeal shall lie to the Supreme Court." 42 U. S. C. § 1973bb (a)(2).

three-judge District Court was convened. The District Court found that Symm's registration practices violated the Twenty-sixth Amendment and permanently enjoined him from, among other things, using the questionnaire. Symm appeals from that judgment.

The effect of an injunction against allegedly discriminatory voting practices in one small county in Texas is of no earth-shaking importance, and the District Court may have been justified in concluding that the appellant registrar violated rights guaranteed to Prairie View students under the Twenty-sixth Amendment to the United States Constitution. If the case were here, therefore, on a petition for certiorari and fell within our discretionary jurisdiction, I would have no hesitation in voting to deny certiorari.

But this case is here on direct appeal from the decision of a three-judge District Court. And since we are obligated to decide the merits of cases which Congress allows a party to bring here by appeal, regardless of their importance, I think we are bound to examine on our own motion the jurisdiction of the federal court from which the appeal comes. See *Liberty Mutual Ins. Co.* v. *Wetzel*, 424 U. S. 737, 740 (1976).

Section 1937bb directs the Attorney General "to institute, in the name of the United States, such actions *against States or political subdivisions,* including actions for injunctive relief, as he may determine to be necessary to implement the twenty-sixth article of amendment to the Constitution of the United States." 42 U. S. C. § 1973bb (a)(1) (emphasis added). Suits brought under the statute "shall be heard and determined by a court of three judges . . . ." § 1973bb (a)(2). The section unambiguously limits the Attorney General's authority to bringing actions against States and political subdivisions. Although the United States brought this suit against the State of Texas and Waller County as well as named individual officials, the District Court's injunction runs only against Symm personally. Indeed, the District Court

specifically refused to grant relief "with respect to . . . the State of Texas, and Waller County."

In *Mt. Healthy City Board of Education* v. *Doyle*, 429 U. S. 274, 278–279 (1977), this Court distinguished between jurisdiction asserted under 28 U. S. C. § 1331, "the catchall federal-question provision requiring in excess of $10,000 in controversy," 429 U. S., at 279, and jurisdiction under 28 U. S. C. § 1343, which requires not only that the technical requirements of jurisdiction be met but that suit against the parties named as defendants be authorized under the cognate provisions of 42 U. S. C. § 1983. The language of the jurisdictional provision here, being part of the very statute which creates the substantive cause of action, would seem to require a conclusion that § 1973bb is more akin to 28 U. S. C. § 1343 than it is to 28 U. S. C. § 1331. The jurisdiction of three-judge courts convened under § 1973bb is thus limited. to Twenty-sixth Amendment claims brought by the Attorney General against the parties defendant named in the statute—States and political subdivisions. Since Symm falls within neither category, the District Court's jurisdiction to enjoin him from using the questionnaire cannot be based on § 1973bb (a)(2). Nor did the other statutes invoked by the United States furnish an independent basis for three-judge-court jurisdiction over the Government's action against Symm. See 28 U. S. C. §§ 1345, 2201; 42 U. S. C. §§ 1971 (d), 1973j (d).

The absence of a statutory basis of three-judge-court jurisdiction over Symm does not end the matter, however, for it is conceivable that the District Court based its injunction against Symm on some unarticulated, hybrid concept of pendent-party jurisdiction.[3] Resolution of this issue also

---

[3] This possibility is suggested by the District Court's exercise, despite the objection of appellee United States, of "pendent jurisdiction" over appellant Symm's cross-claim against the Texas Secretary of State, in which Symm charged that the Secretary lacked authority under Texas law to prohibit use of the residency questionnaire.

requires reference to § 1973bb since under cases such as *Aldinger* v. *Howard*, 427 U. S. 1, 14 (1976), and *Owen Equipment & Erection Co.* v. *Kroger*, 437 U. S. 365 (1978), we must carefully inquire not only into the existence of a case or controversy under Art. III of the United States Constitution but also into the statutory grant of jurisdiction to the District Court.

In *Aldinger* this Court observed that "as against a plaintiff's claim of *additional* power over a 'pendent party,' the reach of the statute conferring jurisdiction should be construed in light of the scope of the cause of action as to which federal judicial power *has* been extended by Congress." 427 U. S., at 17 (emphasis in original). Petitioner, who was discharged from her job as a county employee, brought a § 1983 civil rights claim against county officials and a state-law claim against the county itself. Because Congress had excluded municipal corporations such as counties from the class of "person[s]" suable under § 1983,[4] and therefore from the corresponding grant of jurisdiction in § 1343 (3), we held that "where the asserted basis of federal jurisdiction over a municipal corporation is not diversity of citizenship, but is a claim of jurisdiction pendent to a suit brought against a municipal officer within § 1343, the refusal of Congress to authorize suits against municipal corporations under the cognate provisions of § 1983 is sufficient to defeat the asserted claim of pendent-party jurisdiction." 427 U. S., at 17–18, n. 12.

---

[4] *Aldinger* was decided before *Monell* v. *New York City Dept. of Social Services*, 436 U. S. 658 (1978), which overruled prior cases holding that municipal corporations are not "person[s]" within the meaning of 42 U. S. C. § 1983. *Monell* did not disturb, however, the jurisdictional analysis applied in *Aldinger*, which was recently reaffirmed in *Owen:*

"*Monell* in no way qualifies the holding of *Aldinger* that the jurisdictional questions presented in a case such as this one are statutory as well as constitutional . . . ." 437 U. S., at 373 n. 12.

In this case I think an exercise of pendent-party jurisdiction over Symm would be demonstrably wrong under *Aldinger, supra,* and *Owen, supra.* The civil action created by § 1973bb is plainly limited to suits brought against States and political subdivisions. Accordingly, the special grant of three-judge-court jurisdiction contained in the statute is similarly limited. The other jurisdictional statutes invoked by the United States provide no independent basis of three-judge-court jurisdiction over Symm. Since the District Court could, in my opinion, have quite readily attributed Symm's actions as voting registrar to Waller County, a party statutorily authorized to be named and in fact named as a defendant, I would reverse the judgment against Symm and remand the case to the District Court for further proceedings against the county. While the injunctive relief ordered against Symm is contrary to *Aldinger, supra,* and *Owen, supra,* injunctive relief against Waller County, if the District Court decides such relief is appropriate, would be fully authorized and equally efficacious in vindicating the right of Prairie View students. In the absence of such relief, I would think that any student could bring an action against Symm under 28 U. S. C. §1343. This analysis may all seem very "legalistic" and "technical," but since the case is here on direct appeal, we have no choice but to examine the question of federal jurisdiction. Upon such examination, I believe *Aldinger, supra,* and *Owen, supra,* require reversal of the judgment entered by the District Court.