**Rex C. CAUBLE, Appellant,**

v.

**John M. GRAY, Appellee.**

**No. 20053.**

Court of Civil Appeals of Texas, Dallas.

Oct. 9, 1979.

Robert W. Jones, Merrill L. Hartman, Hewett, Johnson, Swanson & Barbee, Dallas, for appellant.

Philip I. Palmer, Jr., Palmer, Palmer, Coffee & Bush, Dallas, for appellee.

Before AKIN, HUMPHREYS and STOREY, JJ.

STOREY, Justice.

Defendant, Rex C. Cauble, appeals from an order overruling his plea of privilege to be sued in Denton County, Texas. The evidence is conclusive that he has his domicile in Denton County. The precise question presented, however, is whether there is sufficient evidence to support an implied finding that the defendant has a second residence for venue purposes in Dallas County. We conclude that there is sufficient evidence and, therefore, affirm the order overruling the plea.

The facts are undisputed. In addition to a ranch in Denton County, where defendant claims his domicile, he owns a townhouse in Dallas County. The evidence shows that his wife maintains her residence in the townhouse and that in 1978, defendant and his wife executed an instrument designating it as their homestead. Defendant contends these facts are insufficient to prove "domicile" under Tex.Rev.Civ.Stat. Ann. art. 1995 (Vernon 1964) because at the time he executed the homestead designation, he specifically indicated the townhouse was not his residence. This fact would be persuasive on the question of intent if the inquiry here were directed to establishing domicile; but because intent is not essential to establishing a second residence, his disclaimer is not material. Defendant testified that he had lived on the Denton County ranch for about twelve years and spent "about ninety–nine percent" of his time there, that he never stayed overnight at the Dallas County townhouse, and that he voted and received his mail in Denton County. He further testified the townhouse was maintained for his wife because of her ill health and her need to be near medical help, and its designation as their homestead was only for the purpose of placing a lien upon the Denton County ranch. While these facts are persuasive to show a permanent domicile in Denton County, they do not negate the probative effect of the evidence which supports the implied finding of a second residence. On appeal from an order overruling a plea of privilege, every intendment must be resolved in favor of the trial court's judgment. *James v. Drye*, 159 Tex. 321, 320 S.W.2d 319, 323 (1959).

Article 1995 provides: "No person who is an inhabitant on this state shall be sued out of the county in which he has his *domicile* except in the following cases . . ." [Emphasis added]. The elements of the legal concept of "domicile" are: (1) an actual residence; and (2) the intent to make it the permanent home. For venue purposes, domicile is construed to mean "residence"; and, while a person may have only one domicile, he may have several residences away from the domicile. Thus, the element of "intent to make a permanent home" is not necessary to establish a second residence away from the domicile. *Snyder v. Pitts*, 150 Tex. 407, 241 S.W.2d 136, 139 (1951); *Pearson v. West*, 97 Tex. 238, 77 S.W. 944, 945 (1904). A second residence away from the domicile within the meaning of article 1995 includes the following elements: (1) a fixed place of abode within the possession of defendant; (2) occupied or intended to be occupied consistently over a substantial period of time; and (3) is permanent rather than temporary. *Snyder*, 241 S.W.2d at 140. Applying these principles to this case, the trial court correctly

concluded that defendant maintained a second residence in Dallas County.

Our holding is supported by *Burke v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 346 S.W.2d 663 (Tex.Civ.App.–San Antonio 1961, no writ). In that case, defendant and his wife were separated. He maintained his domicile in Webb County, and she resided in Bexar County. He also owned a house in Bexar County where his mother and sister lived and which he claimed as his homestead. The court there held that these facts constituted some evidence which supported the implied finding of the trial court that the defendant maintained a dual residence for venue purposes in Webb and Bexar Counties. 346 S.W.2d at 664.

Similarly, in *Snyder v. Pitts*, the supreme court held that the presence of the wife did not establish a second residence as a matter of law, but stated that ". . . the presence of the wife living in a second place of abode is certainly evidence of the establishment of a second residence apart from the domicile." We conclude that the residence of defendant's wife, together with their designation of that residence as their homestead, constitutes sufficient evidence to establish a second residence for venue purposes in Dallas County.

Moreover, the record reflects that defendant conducts substantial business activities in Dallas County, including a retail clothing establishment and banking interests. While it is well settled that business activities alone are insufficient to establish a second residence, these contacts serve to show that defendant's presence within the county is not merely occasional, uncertain and equivocal. *See Greer v. Newton*, 245 S.W.2d 299, 300 (Tex.Civ.App.–Eastland 1951, no writ); *Loos v. Swaim*, 16 S.W.2d 350, 353 (Tex.Civ.App.–Texarkana 1929, writ dism'd).

Affirmed.