**Charles W. WEISENBURG, Appellant,**

v.

**TELEPROMPTER CORPORATION, Appellee.**

**No. 20565.**

Court of Civil Appeals of Texas, Dallas.

Sept. 16, 1980.

738

Frank M. Gilstrap, Hill, Heard & Oneal, Arlington, for appellant.

Brian M. Lidji, Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellee.

Before AKIN, CARVER and STOREY, JJ.

AKIN, Justice.

The sole question on this venue appeal is whether evidence that the defendant owned property in Dallas County, upon which property he had claimed a homestead exemption, is sufficient to support the trial judge's finding for venue purposes that he was a resident of Dallas County at time of suit. We hold that it is and accordingly affirm.

Teleprompter sued Weisenburg in Dallas County in August 1977 and served him on October 17, 1977, under Tex.R.Civ.P. 106 by attaching the citation to the door of a house located at 7007 Pemberton, Dallas, Dallas County, Texas. In response, defendant answered subject to a plea of privilege to be sued in Denton County. Plaintiff controverted on the ground that defendant was a resident of Dallas County.

At the venue hearing, plaintiff read into evidence defendant's admission that on August 19, 1977, he "owned the property and residence located at 7007 Pemberton in Dallas, Dallas County, Texas." Plaintiff then introduced certified copies of the Dallas County tax rolls for the 7007 Pemberton property for the years 1975 and 1978. These records showed that the defendant owned the property at 7007 Pemberton until June of 1978 when it was sold. The 1975 tax record also showed that the defendant had filed a homestead affidavit on this property on March 25, 1975, and that the defendant had claimed it as his homestead from that date until he sold it in June of 1978. These documents were properly admitted under Tex.Rev.Civ.Stat.Ann. art. 3731a (Vernon's Supp. 1980). Additionally, at the instance of the trial judge, plaintiff produced as a witness the supervisor of the Assessing Department of the Dallas County Tax Office. This official confirmed what the official records reflected, namely, that the subject property was listed as the homestead of the defendant for the years 1975 through 1978. On cross-examination, this witness testified that once a property is placed in homestead it remains in that status until it is sold or until the owner requests that it be removed from the homestead tax reduction.

Before addressing defendant's contention that the evidence adduced was not evidence that the defendant was a resident of Dallas County, we note that no necessity existed to call as a witness the supervisor of the assessing office of the Dallas County Tax Assessor because the certified copies of the official records were admissible under article 3731a, which the trial judge was reluctant to admit without testimony of this witness. Article 3731a provides:

Section 1. Any written instrument, certificate, record, part of record, return, report, or part of report, made by an officer of this State or of any governmental subdivision thereof, or by his deputy, or person or employee under his supervision, in the performance of the functions of his office and employment, shall be, so far as relevant, admitted in the courts of this State as evidence of the matter stated therein, subject to the provisions in Section 3.

As we read this language, the very purpose of article 3731a was to obviate the necessity

of calling witnesses to prove up the authenticity of written reports or records prepared by a person employed by a governmental subdivision of this state conforming with the requirements of section 3 of article 3731a.

We turn now to defendant's contention that ownership of residential property which the defendant claimed as homestead for ad valorem tax purposes was not evidence that he was a resident of Dallas County. Initially, we note that Tex.Rev. Civ.Stat.Ann. art. 1995 (Vernon Supp. 1980) provides that an inhabitant of this state shall be sued in the "county in which he has his domicile." Under article 1995, domicile has long been held to mean residence, which is a lesser included element of domicile. *Snyder v. Pitts*, 150 Tex. 407, 241 S.W.2d 136, 138 (1951). Our question, therefore, is whether owning a home and claiming a homestead exemption on that home is evidence from which the trial judge can infer that the defendant is a resident of Dallas County for the purpose of venue. We hold that it is.

■ As established in *Snyder v. Pitts*, 241 S.W.2d at 140, the elements necessary to establish residence for venue purposes are:

1. A fixed place of abode within the possession of the defendant
2. occupied or intended to be occupied consistently over a substantial period of time
3. which is permanent rather than temporary.

With respect to the first requirement of *Snyder v. Pitts*, defendant argues that evidence that defendant owned the property is not evidence that he had a right to possess the property. As to the second requirement of *Snyder*, defendant contends that it has not been met because the evidence of a claim of homestead does not show that defendant occupied the house or that he intended to occupy the residence as a home. With respect to permanency, he asserts that the filing of a homestead affidavit is not evidence that he resided there because a person's homestead need not necessarily be the same as a person's place of abode or residence.

■ We cannot agree with defendant's contentions because the elements of a residence homestead include the same elements of a residence for venue. We note that "homestead" is a term of art with different meanings in different contexts. Tex.Const. art. XVI, § 51 defines a person's homestead, for the purposes of exemption from forced sale, as a dwelling "used for the purposes of a home." For the purpose of venue, the term "homestead" has the same meaning under Tex.Const. art. VIII, § 1–a, which defines the homestead tax exemption, as it does under article XVI, § 51. As noted by the supreme court in *Snyder v. Pitts, supra*, "the word home seems to mean a true, fixed and permanent home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Consequently, a homestead has been described as the dwelling house constituting residence together with the land upon which it is situated. *Gann v. Montgomery*, 210 S.W.2d 255, 258, (Tex.Civ.App.–Fort Worth 1948, writ ref'd n. r. e.). Thus, a claim of homestead is some evidence that the defendant had a right to possession of the property, that he occupies or intends to occupy the property, and that he considers the property to be his "home" or permanent residence of abode. *Cauble v. Gray*, 604 S.W.2d 197, (1979, Dallas, no writ). We conclude, therefore, that since the defendant owned the property in Dallas County and claimed it as his homestead for tax purposes, this evidence is sufficient to support the trial judge's finding that he was a resident of Dallas County. Accordingly, the order of the trial court is affirmed.