OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

June 28, 2002

Mr. Thomas A. Davis, Jr.
Director
Texas Department of Public Safety
5805 North Lamar Boulevard, Box 4087
Austin, Texas 78773-0001

Opinion No. JC-0520

Re: Whether a hotel, motel, or dormitory is within the meaning of "domicile" for the purposes of Transportation Code section 522.022 (RQ-0490-JC)

Dear Mr. Davis:

You seek an opinion from this office regarding the domicile provision of Transportation Code section 522.022(1) for the issuance of a commercial driver's license ("CDL"). In particular, you ask "if addresses, given by students coming into Texas from out of state to attend commercial driving training centers in Texas, fall within the definition of 'domicile'."[1] We conclude that, in particular cases, such addresses may fall within the statutory definition of domicile. While other factors may be considered in the factual determination of what constitutes domicile, the presentation of an address such as that of a hotel or dorm-type facility is not conclusive evidence that a license applicant does not have a Texas domicile.

Section 522.022 of the Transportation Code reads in relevant part:

The department may not issue a commercial driver's license other than a nonresident license to a person unless the person:

(1) has a domicile in this state.

TEX. TRANSP. CODE ANN. § 522.022(1) (Vernon 1999).

For the purposes of chapter 522 of the Transportation Code, "domicile" is defined as

the place where a person has the person's true, fixed and permanent home and principal residence and to which the person intends to return whenever absent.

---

[1]See Letter from Thomas A. Davis, Jr., Director, Texas Department of Public Safety, to Honorable John Cornyn, Texas Attorney General (Jan. 3, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

*Id.* § 522.003(10). This definition accords with the general common law definition of domicile: "The elements . . . of 'domicile' are: (1) an actual residence; and (2) the intent to make it the permanent home." *Cauble v. Gray*, 604 S.W.2d 197, 198 (Tex. Civ. App.–Dallas 1979, no writ).

As you explain the situation giving rise to your request, students from outside Texas come to commercial driving training centers in the state to take a month-long training course. While in the state, these students apply for Texas commercial driver's learning permits, and eventually for commercial driver's licenses. "The address presented by the student during the application process is often either a hotel or dorm type facility provided by the school. A certain percentage of these applicants move to another state immediately or shortly after obtaining a Texas CDL and exchange it for a CDL from that other state." Request Letter, *supra* at 1. It is in the light of these facts that you ask whether "hotels, motels, or dormitories [are] 'domiciles'." *See id.*

A certain number of people in Texas are in fact permanent residents of hotels and motels, as you have pointed out. *See id.* at 2. Moreover, if we consider the analogous question of voter registration, college students residing in dormitories routinely register to vote from such addresses. *See United States v. State of Texas*, 445 F. Supp. 1245 (S.D. Tex. 1978), *aff'd*, 439 U.S. 1105 (1979). Such places are for them residences, as the court in *U.S. v. Texas* recognized, and under the terms of section 1.015(a) of the Election Code, residence "means domicile, that is, one's home and fixed place of habitation to which he intends to return after any temporary absence." TEX. ELEC. CODE ANN. § 1.015(a) (Vernon 1986); *cf.* TEX. TRANSP. CODE ANN. § 522.003(10). In *U.S. v. Texas,* the three-judge panel quoted in a related context what it regarded as the "significant language" of the Texas Supreme Court with regard to student residence:

> Neither bodily presence alone nor intention alone will suffice to create the residence, but when the two coincide at that moment the residence is fixed and determined. *There is no specific length of time for the bodily presence to continue.*

*Texas*, 445 F. Supp. at 1257 (quoting *Mills v. Bartlett*, 377 S.W.2d 636, 637 (Tex. 1964)) (emphasis added).

Your letter acknowledges that "persons can move into Texas to attend a commercial driver training center with the intent of finding employment here and making Texas their home." Request Letter, *supra* at 1-2. From the standpoint of both the common law and the definition provided by section 522.003 of the Transportation Code, such persons are Texas domiciliaries, no matter what sort of housing in which they may reside. Evidence of an intent to establish domicile may include such factors as where a person "exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996). While an address such as a hotel or motel, which are typically places of short-term accommodation, might constitute some evidence that there is no intent to remain, a conclusive presumption that there is no bona fide domicile based solely on the nature of the address provided is impermissible.

## S U M M A R Y

In particular cases, an address such as that of a motel, hotel, or dormitory may constitute a domicile for the purposes of Transportation Code section 522.022(1), regarding the issuance of a Texas commercial driver's license.    An address alone is not determinative of Texas domicile, the elements of which are a physical presence within Texas and an intent to remain and make the state a permanent home.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee