OPINION OF THE COURT
Per Curiam.
Petitioners brought this proceeding pursuant to Election Law § 16-102 to declare invalid the designating petitions naming respondent Kenneth P. LeBlanc as the Independence Party *420 and. Democratic Party candidate for the public office of Member of New York State Assembly, 99th Assembly District. Petitioners alleged that, because respondent lived continuously in California from 1987 until 1999, he failed to satisfy the New York residency requirements of article III (§ 7) of the State Constitution.
Section 7 provides that: “No person shall serve as a member of the legislature unless he or she is a citizen of the United States and has been a resident of the state of New York for five years, and, except as hereinafter otherwise prescribed, of the assembly or senate district for the twelve months immediately preceding his or her election” (emphasis supplied).*
Supreme Court concluded that article III (§ 7) requires that only the 12-month district residency period — and not the five-year state residency period — immediately precede the election. In that court’s view, any five years of residency satisfies the requirements of the Constitution. The Appellate Division disagreed, holding that article III (§ 7) requires members of the State Legislature to reside in New York for a period of five years immediately preceding their election. We agree with the Appellate Division and affirm.
Although the constitutional language is susceptible of both interpretations, review of the record of the Constitutional Convention of 1938, which added the five-year residency requirement, reveals that both the sponsors and opponents of the provision understood that the period must immediately precede the election (see 3 Revised Rec, 1938 NY Constitutional Convention, at 2387-2391). To read the constitutional provision in the manner urged by respondent would frustrate the Convention’s objective of ensuring that legislative representatives have contemporaneous familiarity and involvement with the issues facing the state and the community they represent. As the sponsor argued, “if a man lives in the State for 20 years and he moves out to San Francisco and stays there for five years, I still contend that being away for five years, he loses close touch with the local situation, and he should live here another five years, if he wants to be a legislator in the State” (see id. at 2390).
Accordingly, the order of the Appellate Division should be affirmed, without costs.
*421 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur in per curiam opinion.
Order affirmed, without costs.

 Upon the provision’s adoption, the published version read: “has been a resident of the state of New York for five years, and of the assembly or senate district for the twelve months immediately preceding his or her election” (see NY Const of 1938, art III, § 7).