ACCEPTED
01-13-00377-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/1/2015 1:34:37 PM
CHRISTOPHER PRINE
CLERK

**NO. 01-13-00377-CV**
**IN THE COURT OF APPEALS**
**FOR THE FIRST OR FOURTEENTH DISTRICT OF TEXAS**
**HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/1/2015 1:34:37 PM
CHRISTOPHER A. PRINE
Clerk

**JAMES THOTTAM**
*Appellant*

**v.**

**ELIZABETH JOSEPH**
*Appellee*

Appeal from the 311th District Court of Harris County, Texas
Cause No. 2007-75702

**APPELLANT'S MOTION FOR REHEARING**

*/s/ Bradley W. Tilton II* _____
BRADLEY W. TILTON II,
Texas State Bar No. 24035538
TILTON & TILTON LLP
3730 Kirby Drive, Suite 1020
Houston, Texas 77098
(713) 774-8600 (office)
(713) 222-2124 (facsimile)

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................... ii

INDEX OF AUTHORITIES............................................................................. iv

**I. Statement of the Case**....................................................................................2

**II. Issues Presented** ...........................................................................................3

Issue 1:  The Court of Appeals erred in finding that the trial court did not abuse its
discretion when it did not include the term "domicile" in the amended divorce
decree...........................................................................................................3

Issue 2:  The Court of Appeals erred in finding that the terms of summer
possession were moot and the trial court did not abuse its discretion in not
including the terms from the MSA in the amended final decree of divorce...........3

Issue 3:  The Court of Appeals erred in granting Appellee's Motion to Dismiss the
property related issues under the acceptance of benefits doctrine. ......................3

**III. Argument & Authorities**............................................................................3

1. Child Related Issues ......................................................................................4

a. *The Court of Appeals erred in Overruling Appellant's issue related to the
domicile restriction and the omission of the word "domicile" in the Amended
Final Decree of Divorce* .................................................................................4

b. *The Court of Appeals erred in overruling Appellant's issue related to the
summer periods of possession finding that the issue is moot* ...............................5

2. Property Related Issues...................................................................................7

a. *The Court of Appeals erred in granting Appellee's Motion to Dismiss under
the acceptance of benefits doctrine* ...................................................................7

b. *The Court of appeals erred in stating there is no evidence of financial
hardship on the part of Appellant*......................................................................8

b. *The Court of Appeals erred in finding that there is no indication of the effect of a reversal of judgment on the rights to benefits accepted* ........................9

**IV. Conclusion** ..............................................................................11

Certificate of Compliance ..................................................................12

Certificate of Service ........................................................................13

# INDEX OF AUTHORITIES

**State Cases**

*Cauble v. Gray*, 604 S.W2d 197, 198 (Tex. Civ. App.—Dallas 1979, no writ) .......4

*Tex. State Bank v. Amaro*, 87 S.W.3d 538, 544 (Tex. 2002)..................................7, 8

*Leedy v. Leedy*, 399 S.w.3d 335, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ...............................................................................................................8

*Gathe v. Gathe*, 376 S.W.3d 308, 313 (Tex. App.—Houston [14th Dist.] 2012, no pet.). ..............................................................................................................8

**State Statutes**

TEX. FAM. CODE ANN §153.312 (Vernon 2015).......................................................7

**NO. 01-13-00377-CV**

# IN THE COURT OF APPEALS
## FOR THE FIRST OR FOURTEENTH DISTRICT OF TEXAS
## HOUSTON, TEXAS

---

## JAMES THOTTAM
*Appellant*

**v.**

## ELIZABETH JOSEPH
*Appellee*

---

Appeal from the 311th District Court of Harris County, Texas
Cause No. 2007-75702

---

### APPELLANT'S MOTION FOR REHEARING

---

TO THE HONORABLE FIRST COURT OF APPEASL"

JAMESON LUKE THOTTAM, Appellant, files this Motion for Rehearing in response to the opinion issued by the Court on April 9, 2015, and respectfully shows the following:

# I. Statement of the Case

*Nature of the Case*:        This is an appeal brought by Appellant, Jameson Luke Thottam ("Appellant") of a ruling by the 311th Judicial District Court of Harris County, Texas Ordering the Parties to be named Joint Managing Conservators of the child born during the marriage, Ariyanna Thottam, Awarding terms of visitation and child support for the child, and dividing the community estate of the parties, Appellant Jameson Luke Thottam and Appellee Elizabeth Joseph ("Appellee'). CR 633-689[1].

*Course of proceedings and disposition*:        Appellant, Jameson Luke Thottam, filed his Brief of Appellant requesting this Honorable First Court of Appeals to remand the division of the entire community estate of Appellant and Appellee to the trial court for redetermination and to remand the Order of the Court regarding the child the subject to the suit to comply with the terms of the mediated settlement agreement of the parties.  Appellee, Elizabeth Joseph, filed a reply brief, and the

---

[1] Citations to the Court Clerk's Record (CR) are abbreviated as follows: CR pages numbers. If a paragraph number is specified on a page within the Clerk's Record the paragraph number will then be identified following the colon.  For example, citation to line 4 on page 00014 of the court clerk's record would be shown as "CR00014:4"  Citations referenced the Court Reporter's Record for the Arbitration on Property Issues with Reginald Hirsch, which has been supplemented to the Clerk's Record, will be abbreviated as follows: ARR:Page Number:Line.  For Example, citation to line 4 on page 14 of the Arbitrator's Court Reporter's Record will be listed as ARR:14:4.

Court issued its Memorandum Opinion on April 9, 2015 affirming in part and dismissing in part. Appellant now files this Motion for Rehearing asking the Court to reconsider Appellant's arguments.

## II. Issues presented

Issue 1.    The Court of Appeals erred in finding that the trial court did not abuse its discretion when it did not include the term "domicile" in the amended divorce decree.

Issue 2.    The Court of Appeals erred in finding that the terms of summer possession were moot and the trial court did not abuse its discretion in not including the terms from the MSA in the amended final decree of divorce.

Issue 3.    The Court of Appeals erred in granting Appellee's Motion to Dismiss the property related issues under the acceptance of benefits doctrine.

## III. Argument & Authorities

The Court of Appeals divided its memorandum opinion into two separate sections: 1. Child Related Issues and 2. Property Related Issues.

1. Child Related Issues

*a. The Court of Appeals erred in Overruling Appellant's issue related to the domicile restriction and the omission of the word "domicile" in the Amended Final Decree of Divorce.*

Under child related issues, the Court Overruled Appellant's issues related to the domicile restriction and period of possession. Regarding the domicile restriction, Courts have determined different definitions relating to the word "domicile" and "residence." The Court in *Cauble v. Gray* listed the elements of the legal concept of "domicile" as 1. An actual residence; and 2. The intent to make it the permanent home. *Cauble v. Gray*, 604 S.W2d 197, 198 (Tex. Civ. App.—Dallas 1979, no writ). The Court further noted that "while a person may have only one domicile, he may have several residences away from the domicile. *Id.* While this Court found that removing the word domicile does not affect any change to Appellee's right to establish the child's primary residence, the issue is that of the permanency requirement attached to the word domicile.

Appellant, in entering into the mediated settlement agreement, placed the word domicile in the MSA to ensure that Appellee intended for the residence of the child to become permanent. By doing so, it would effectively prevent Appellee from moving the child's "residence" across country between Harris County, Texas and Maryland.

4

By removing the word "domicile" from the restriction, there is no requirement for the residence designated by Appellee to make it a permanent home for the child, which is extremely important in both effectuating the rights and duties of the parties and the possession and access of the parties due to the fact that Appellee residing with the child in Harris County, Texas, would then initiate the 100 miles or less possession schedule, while establishing the child's residence and domicile in Maryland would cause Appellant to have possession pursuant to the 100 miles or more possession schedule. The major issue would be in the summertime, in which Appellee, without the requirement of "permanency" in making her decision as to where the child lives, could change the child's "residence" from Maryland to Texas, causing Appellant's extended summer possession be reduced from 42 days to 30 days. By omitting the word "domicile" in the final decree of divorce, the Court essentially did significantly alter the original terms of the MSA and undermined the parties' intent. The omission destroyed the permanency requirement inherent in the word domicile. As such, this Court should grant Appellant's Motion for Rehearing.

> b. *The Court of Appeals erred in overruling Appellant's issue related to the summer periods of possession finding that the issue is moot.*

Further, the Court should Grant Appellant's Motion for Rehearing because the summer period of possession discussed by Appellant is not moot. Appellant's issue

is not moot due to the fact that the final decree of divorce as drafted essentially prevented Appellant from having any weekend period of possession in the Summer if the parties reside over 100 miles from each other. Under the terms of the mediated settlement agreement, Appellant's summer period of possession for the child was "per the family code on within or over 100 miles." CR 611-612. Under the terms of the Final Decree of Divorce, Appellant received summer periods of possession, however, Appellant's weekend period of possession was absent during the summer. CR 167. Summer periods of possession included both the extended summer periods of possession as well as the summer periods of possession on the weekends. Under the terms of the mediated settlement agreement, the mediated settlement agreement stated that the terms of the summer periods of possession should be "as per the family code."

However, the mediated settlement agreement did not designate whether the summer periods of possession only included Appellant's *extended* summer period of possession only. The absence of the term *extended* is important in the mediated settlement agreement in indicating that it was the intent of the parties to include both weekend periods of possession and the extended summer period of possession. The Texas Family Code's summer period of possession constitute two separate periods of

6

possession: one dealing with extended summer possession for a period of time of either 42 days or 30 days depending on whether the parties reside 100 miles apart of each other, and weekend periods of possession during the summer. Tex. Fam. Code §153.312 (Vernon 2015). By omitting the word "extended" the summer periods should have included weekend and extended periods. However, the Final Decree of Divorce only included extended summer periods of possession and does not include any weekend periods by Appellant. As such, this Court should Grant Appellant's Motion for Rehearing and Reverse the Trial Court's Judgment and Remand because the Trial Court committed reversible error in Entering a Final Decree of Divorce which did not have any weekend summer periods of possession pursuant to the Texas Family Code.

2.   Property Related Issues

a.   *The Court of Appeals erred in granting Appellee's Motion to Dismiss under the acceptance of benefits doctrine.*

The applicable law in this case centers on the "Acceptance of Benefits" Doctrine, which states that a party who accepts the benefits of a judgment may not appeal that judgment. *Tex. State Bank v. Amaro*, 87 S.W.3d 538, 544 (Tex. 2002); *Waite v. Waite*,150 S.W.3d 797 (Tex. App.—Houston [14th Dist.] 2004, pet. denied).

It is the Appellee's burden to prove that an acceptance of benefits of a judgment has taken place. *Leedy v. Leedy*, 399 S.w.3d 335, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.). If the appellee proves that an acceptance of benefits exists, it then becomes the Appellant's burden to demonstrate that either the doctrine does not apply or that the acceptances falls within one of two well settled exceptions to the rule. *See Leedy*, 399 S.W.3d at 339. The first exception allows for a party to accept the benefits of a judgment without penalty due to economic necessity. *See Gathe v. Gathe*, 376 S.W.3d 308, 313 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The second exception applies if a reversal of the judgment would not affect the appellant's right to the benefit accepted. *Amaro*, 87 S.W.3d at 544.

> b.   *The Court of appeals erred in stating there is no evidence of financial hardship on the part of Appellant.*

In its Memorandum Opinion, the Court states that no evidence has been identified in the record to prove that Appellant has suffered any financial hardship. This, however, is not the case. Regardless of the outcome of the divorce proceedings, Appellant had little options other than to file for bankruptcy due to a surge of outstanding debts and tax liabilities. A great deal of taxes were owed to the IRS, including outstanding property taxes on eight of the parties' real estate property, that sum being upwards of $96,000.00, which was emptied from the parties' E-Trade

8

Account. Much of the unpaid tax liability stemmed from Appellee's failure to pay taxes on her separate estate corporation, Zeon Corporation. ARR: 160:2-160:12, ARR: 85:4-85:22.

Additionally, throughout the arbitration, evidence and testimony established Appellant's dire economic circumstances. On more than one occasion, Jameson Thottam described various bank accounts being either in the negative or holding funds that amounted to less than five cents. ARR: 157:13-157:17, ARR: 49:5. Furthermore, much of Appellant's evidence in the arbitration focuses on the large sums of money in accounts which had to be liquidated to satisfy outstanding debts, including 529 accounts owned by Appellant, leaving Appellant with very little money and a great deal of debt. ARR:1162:1-1162:16.

> c. *The Court of Appeals erred in finding that there is no indication of the effect of a reversal of judgment on the rights to benefits accepted.*

Further, in its Opinion, the Court notes that if the case were remanded for a new division of the marital estate, there is a chance the arbitrator could award the interests in the properties differently than was done originally. The Court's opinion does not take into account that all of Appellant's tracing testimony was not admitted by the arbitrator. In several instances when Appellant proceeded to discuss the

tracing of the various pieces of community and separate property at hand in the divorce, the arbitrator sustained Appellee's objections, thereby not allowing that evidence to come into the record. ARR: 1114:18-1117:14, ARR:1120:15-1130:19, Ex. 168. It is Appellant's position that had the arbitrator allowed Appellant's tracing testimony and correctly divided the property among the parties in the original proceedings, the property division would have to be the same upon reversal. Furthermore, it is undisputed that Appellant brought a large separate estate to the community, and in fact, Appellee admitted she used funds from Appellant's separate estate family trust account to enrich her separate estate corporation. Additionally, Appellee admitted that she regularly used community funds for her separate estate corporation. ARR: 845:21-847:22, Ex.49. If this was taken into account in the original proceedings, along with Appellant's evidence of tracing, the Court, upon reversal, would have to divide the estate in a such a way that Appellant would be reimbursed for Appellee's use of the community estate and Appellant's separate estate to enrich Appellee's own separate estate. It is therefore likely that much of the properties sold to satisfy Appellant's creditors would have been awarded to him upon re-division of the estate.

Furthermore, the arbitrator in his ruling found that the parties' real estate, including the Oboe, Dumbarton and Sarong properties, were Elizabeth Joseph's separate property. Appellant has contended that the Oboe and Dumbarton properties are owned equally with Elizabeth Joseph as the parties' separate property based on grant deeds originally withheld and only produced by Elizabeth Joseph a few days prior to the arbitration hearings in 2012. Regardless of whether the Court would find that Elizabeth Joseph owns the properties as her sole and separate property, the community estate would have been entitled to a reimbursement claim for the principal reduction of the mortgage balance on the properties. Furthermore, several assets which were exempt from the bankruptcy court's jurisdiction, including the properties discussed above, would have surely been awarded to Appellant, including a fifty percent share in the Dumbarton property, along with Appellant's retirement accounts. CR 48-106. It is therefore clear that much of the property sold to satisfy Appellant's creditors, in addition to property exempt from the bankruptcy court's jurisdiction which was incorrectly awarded to Appellee, would likely have been awarded to Appellant due to the sheer disproportionate division of the parties' estate in favor of Appellee.

## IV. <u>Conclusion</u>

WHEREFORE, PREMISES CONSIDERED, Jameson Thottam prays this Court grant Appellant's Motion for Rehearing, withdraw its opinion, revers the trial court judgment, and either render judgment for Appellant or reverse and remand for a new trial.

Respectfully submitted,

TILTON & TILTON LLP
3730 Kirby Drive, Suite 1020
Houston, TX 77098
Tel: (713) 774-8600
Fax: (713) 222-2124

By: /s/ Bradley W. Tilton II
  Bradley W. Tilton II
  State Bar No. 24035538
  Attorney for Jameson Thottam

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify this document contains 2,723 words (counting all parts of the document). The body text is 14 point font, and the footnote text is 12 point font.

/s/ Bradley W. Tilton II
Bradley W. Tilton II

## CERTIFICATE OF SERVICE

A copy of this motion was served on the persons shown below and attached at the addresses reflected on April 30, 2015 by prepaid United States first class mail or electronic service.

/s/ Bradley W. Tilton II_____
Bradley W. Tilton II

**Sallee S. Smyth**
Attorney at Law
800 Jackson Street
Richmond, Texas 77469
Telephone: 281.238.6200
Facsimile: 281.238.6202
smyth.sallee@gmail.com

13