Matter of Notaristefano v Marcantonio (2018 NY Slip Op 05808)





Matter of Notaristefano v Marcantonio


2018 NY Slip Op 05808


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-09778
 (Index No. 4004/18)

[*1]In the Matter of Ralph Notaristefano, et al., petitioners-respondents, 
v
Michael A. Marcantonio, appellant, et al., respondents.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Michael A. Marcantonio as a candidate in a primary election to be held on September 13, 2018, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 12th Assembly District, Michael A. Marcantonio appeals from a final order of the Supreme Court, Suffolk County (Richard I. Horowitz, J.), dated August 17, 2018, as amended by an order of the same court dated August 20, 2018. The final order, as amended, insofar as appealed from, after a hearing, granted the petition to the extent of determining that Michael A. Marcantonio is ineligible to be a candidate for the subject office.
ORDERED that on the Court's own motion, the notice of appeal from the final order dated August 17, 2018, is deemed to be a notice of appeal from the final order, as amended by the order dated August 20, 2018 (see CPLR 5520[c]); and it is further,
ORDERED that the final order, as amended, is affirmed insofar as appealed from, without costs or disbursements.
The incumbent officeholder, Andrew Raia, as a candidate aggrieved, together with several citizen objectors, commenced this proceeding, inter alia, to invalidate a petition designating Michael A. Marcantonio as a candidate in a primary election to be held on September 13, 2018, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York State Assembly for the 12th Assembly District. The sole issue on this appeal is whether Marcantonio satisfies the five-year residency requirement of the New York Constitution (see NY Const, art III, § 7).
In order to satisfy the constitutional residency requirement, "the candidate must reside in this state for the five years immediately prior to the election" (Matter of Glickman v Laffin, 27 NY3d 810, 815). In other words, the five-year residency period must be continuous (see Matter of Bourges v LeBlanc, 98 NY2d 418).
Here, the petitioners presented undisputed evidence that Marcantonio not only registered to vote in the State of North Carolina in 2012 while studying law at Duke University, but also that he did, in fact, cast votes in North Carolina in the 2012 and 2014 general elections. Under the particular circumstances presented, we agree with the Supreme Court's determination that Marcantonio failed to meet the residency requirement of the New York Constitution (see Matter of Glickman v Laffin, 27 NY3d at 816).
Marcantonio's physical absence from New York while studying law in North Carolina cannot, without more, result in the automatic loss of his New York residency for electoral purposes (see Election Law § 5-104[1]). Moreover, as a student in North Carolina, Marcantonio could not be barred from voting there, even if he did not intend to stay in the college community beyond graduation (see NC Gen Stat Ann § 163A-842[12]; United States v State of Texas, 445 F Supp 1245 [SD Tex], affd sub nom. Symm v United States, 439 US 1105). Nevertheless, under established New York law, by taking the affirmative steps of registering to vote in North Carolina and casting votes there in 2012 and 2014, Marcantonio effectively severed his New York electoral residence. Indeed, North Carolina voter registration laws, like those of many other states, require the cancellation of any prior registration as part of the application process (see NC Gen Stat Ann § 163A-863[a]), which is consistent with North Carolina's stated policy of allowing out-of-state students to vote if they can show that they have abandoned their prior home, have a present intention of making the place where they are attending school their home, and intend to remain in the college town at least as long as they are students there and until they acquire a new domicile (see Lloyd v Babb, 296 N.C. 416, 449). Since a person is not permitted to have more than one electoral residence (see Matter of Glickman v Laffin,27 NY3d at 816), Marcantonio's affirmative acts of registering to vote, and then voting, in North Carolina—which occurred less than five years ago—broke the chain of New York electoral residency (see id.).
Accordingly, we agree with the Supreme Court's determination to grant the petition to the extent of determining that Marcantonio is ineligible to be a candidate for the subject office.
The remaining contention is not properly before this Court.
RIVERA, J.P., CHAMBERS, ROMAN, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court