Matter of Patch v Bobilin (2020 NY Slip Op 05172)





Matter of Patch v Bobilin


2020 NY Slip Op 05172


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Index No. 15623-20 Appeal No. 12098 Case No. 3741-2020 

Before: Friedman, J.P., Kern, Oing, Moulton, JJ. 


[*1]In re Peter Patch, Petitioner-Appellant,
v
Patrick A. Bobilin, Candidate-Respondent-Respondent, The Board of Elections of The City of New York, Respondent.


Stanley K. Schlein, Bronx, for appellant.
Law Office of Brian P. Mangan, New York (Brian P. Mangan of counsel), for Patrick A. Bobilin, respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about September 10, 2020, which denied petitioner's application to invalidate the candidacy of respondent Patrick A. Bobilin as a candidate for the office of Member of the Assembly in the 76th Assembly District in the election to be held on November 3, 2020, unanimously reversed, on the law, the petition granted, and respondent's candidacy invalidated.
Petitioners brought this proceeding pursuant to Election Law § 16-102 to declare invalid the designating petitions naming respondent. Petitioners alleged that, because respondent lived continuously in Illinois from 2009 until 2016, he failed to satisfy the New York residency requirements of article III (§ 7) of the State Constitution. Section 7 provides: "No person shall serve as a member of the legislature unless he or she . . . has been a resident of the state of New York for five years" (see Matter of Bourges v LeBlanc, 98 NY2d 418, 420 [2002] ["article III(§ 7) requires members of the State Legislature to reside in New York for a period of five years immediately preceding their election"] [emphasis added]). The issue on this appeal is whether the court correctly determined that respondent maintained a "residence" in New York during the required period, i.e., between November 4, 2015 and November 3, 2020.
Petitioner had the burden to establish by clear and convincing evidence that respondent does not meet the residency requirements established by the New York Constitution. "Residence" is defined by the Election Law as "that place where a person maintains a fixed, permanent and principal home and to which he [or she], wherever temporarily located, always intends to return" (Election Law § 1-104 [22]).
Petitioner presented evidence that, in April 2009, respondent left Germany and briefly relocated to Albany, New York, the home of his father and aunt. He visited there for approximately four months until August 2009, at which time he moved to Chicago, Illinois. Respondent took up residence at 1418 W. Superior Street, Chicago, Illinois, from which he: obtained an Illinois driver's license; registered to vote in the State of Illinois; enrolled in a graduate school program; obtained employment; paid Illinois state and Federal income taxes using the Chicago residence address; and obtained a cell phone with a Chicago area code.
We note that respondent's having voted in Illinois during the five year period preceding the upcoming election is inconsistent with his claim to have maintained New York as his residence throughout that five year period (see Matter of Glickman v Laffin, 27 NY3d 810, 816 [2016] ["A person is permitted to have more than one residence, but is not permitted to have more than one electoral residence"]). While we have held that being registered to vote in another state, standing alone, is not necessarily dispositive (see Matter of Quart v Koffman,183 AD3d 480 [1st Dept 2020], lv denied, 35 NY3d 905 [2020]), Matter of Quart is readily distinguishable from the present case. In Matter of Quart, the respondent was born and raised in New York and left the state only to attend Yale University in Connecticut. The respondent in that case served jury duty in New York while attending Yale University, maintained the same address in New York during his time in Connecticut, and did not obtain a Connecticut driver's license (he kept his New York driver's license). On the other hand, in this case, respondent's time in Illinois (as described above) does not support his argument that he "always intended to return" to New York as required by Election Law § 1-104 (22).
Based on the foregoing, we find that petitioner met his burden that respondent did not fulfill the residency requirements established by the New York Constitution. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020